UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| DEVIN KENNEDY | CIVIL ACTION NO. |
| VS. | JUDGE |
| CITY OF SHREVEPORT | MAGISTRAGE JUDGE |

**COMPLAINT**

I.

CIVIL ACTION

This is a civil action for damages arising from acts of employment discrimination on the basis of disability in violation of the Americans with Disabilities Act, as amended.

II.

PARTIES

1. Plaintiff is DEVIN KENNEDY ("Plaintiff"), a person of the age of majority domiciled in Caddo Parish, Louisiana.

2. Defendant is the CITY OF SHREVEPORT, a municipality in Caddo Parish, Louisiana, chartered under the laws of the State of Louisiana.

III.

JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as this action presents a claim arising under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and decide related claims arising under state law.

IV.

VENUE

4. Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b)(1).

V.

FACTUAL BACKGROUND

5. Plaintiff is employed by the City of Shreveport, Louisiana, in the classified fire service. At all times relevant herein he was a current employee.

6. Defendant employs more than 20 employees within the state of Louisiana.

7. Plaintiff is an otherwise qualified individual with a disability as that term is defined by the ADA, as amended.

8. Defendant required Plaintiff to submit information signed by his treating health care provider to Defendant, in a form required by Defendant and communicating to the Defendant confidential information about the Plaintiff's health and / or medical diagnosis and status.

9. Defendant required Plaintiff to have the confidential health / medical information submitted to Defendant *via* facsimile transmission to the attention of Assistant Chief Skip Pinkston.

10. Plaintiff's confidential medical information was submitted to Defendant as required and pursuant to Defendant's standard procedures.

11. The confidential medical information communicated to the employer information about Plaintiff, including that Plaintiff had a diagnosis of Post-traumatic stress disorder ("PTSD").

12. Defendant employer failed to maintain the confidentiality of Plaintiff's diagnosis and confidential medical and health information. That information was communicated to those not privileged to receive the information, including a captain, one of plaintiff's co-workers, and others at the station where Plaintiff worked.

13. Having been informed of the Plaintiff's diagnosis, the captain and co-workers began to gossip about Plaintiff and to tell stories of the behaviors of others they had known with PTSD.

14. Soon the entire fire department was a maelstrom of wild speculation regarding Plaintiff's mental health. The false information being circulated about Plaintiff caused people not to want to work with him.

15. Plaintiff's captain and a co-worker met with the Fire Chief to discuss their concerns about Plaintiff returning to work at their station. The Chief tacitly confirmed that the information they had received about Plaintiff's diagnosis was correct, further fueling the gossip about Plaintiff.

16. A high-ranking administrator authorized to act on behalf of the appointing authority sought out people close to Plaintiff and suggested that they try to persuade Plaintiff to take a disability retirement rather than return to work.

17. When Plaintiff returned to work, a co-worker took off to avoid working with Plaintiff.

18. Plaintiff began to hear from friends that others were circulating false statements that Plaintiff was suicidal and a physical threat in the workplace. This created a hostile working environment for Plaintiff, permeated with false and insulting statements manifesting bias against him because of some perceived mental illness.

19. The working conditions were soon untenable. People avoided Plaintiff and ostracized him.

20. Plaintiff was unable to quell the gossip. He suffered extreme embarrassment and distress that impeded his ability to work, forcing him to resume sick leave.

21. Plaintiff asked the Shreveport Civil Service Board to conduct an inquiry into whether or not there had been a violation of Plaintiff's medical privacy.

22. On January 8, 2020, following an evidentiary hearing, the Civil Service Board entered findings of fact that Captain Kenneth Landingham had violated Plaintiff's right to medical privacy.

23. The Civil Service Board also found that the Shreveport Fire Department's procedures for protecting confidential medical information were insufficient for that purpose and recommended that the Fire Chief implement better practices.

24. Defendant failed to maintain the confidentiality of the medical information it had required Plaintiff to produce.

25. As a result of this breach of confidentiality, Plaintiff's supervisors and co-workers perceived him as having a mental illness and subjected him to a discriminatory hostile working environment.

26. Plaintiff has filed a complaint of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") and has received a Notice of the Right to Sue.

COUNT I

27. Plaintiff incorporates herein by reference, as if set forth in full, the statements of fact in paragraphs 1 through 26.

28. Plaintiff is an individual with a disability, as that term is defined by the ADA, as amended, 42 U.S.C.S. § 12102 because he was regarded by the employer as disabled.

29. He meets the requirement of "being regarded as having . . . an impairment" because he was subjected to violations of his medical privacy and a discriminatory hostile working environment because of an actual or perceived mental impairment.

30. Plaintiff has been constructively barred from the workplace because of the discriminatory working environment, which has injured his professional reputation and is causing him severe embarrassment and distress.

31. Pursuant to the provisions of the Americans with Disabilities Act, as amended, Plaintiff seeks and is entitled to recover compensatory damages, costs and attorney's fees.

COUNT II.

Louisiana Civil Code Art. 2315
Invasion of Privacy

32. Plaintiff incorporates herein by reference, as if set forth in full, the statements of fact in paragraphs 1 through 26 above.

33. Plaintiff had a reasonable expectation that the medical and health information he was sending to his employer, at the request of the employer and as required by the employer, would be maintained in confidence.

34. Plaintiff's expectation of privacy was objectively reasonable. The public generally expect that employers will maintain medical information in confidence because confidentiality is required not only by employment policies and good employment practices, but also by several state and federal laws.

35. The Defendant employer intentionally violated Plaintiff's privacy. The confidential medical information was communicated to those not privileged to receive the information. The Fire Chief was aware of the breach of confidentiality and failed to take prompt and effective remedial action to correct the situation before it caused Plaintiff harm.

36. The Defendant's Fire Chief, in his capacity as highest ranking authority in the department, behaved with intent and or reckless disregard of Plaintiff's rights and allowed Plaintiff's captain and others to continue to circulate false statements about Plaintiff which constructively expelled Plaintiff from the workplace and caused him serious emotional injury.

37. Plaintiff seeks and is entitled to recover compensatory damages. Additionally, Plaintiff is entitled to pre-judgment interest on the state law claim.

38. Plaintiff requests a jury trial.

VII.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this complaint be deemed good and sufficient and that upon the conclusion of all due proceeding and legal delays there be judgment entered in his favor and against defendant on all causes of action and awarding Plaintiff all relief to which he is entitled

under each cause of action, including costs and attorney's fee, and prejudgment interest on all state law claims.

                Respectfully submitted,

                ___s/ Pamela R. Jones_____

Pamela R. Jones, La. Bar No. 19640
DOWNER, JONES, MARINO & WILHITE, L.L.C.
401 Market Street, Suite 1250
Shreveport, Louisiana 71101
Telephone:     (318) 213-4444
Facsimile:       (318) 213-4445
Email:              pjones@dhw-law.com